937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. BROCK, et al., Plaintiffs,
Jerry Tucker, Intervenor Plaintiff-Appellant,
v.
UNITED AUTOMOBILE WORKERS, INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, Defendant-Appellee.
 No. 90-1762.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-intervenor, Jerry Tucker, appeals from the district court's award of supplemental attorney's fees in this case arising out of a disputed United Auto Workers ("UAW") election. Tucker's counsel has already been awarded $54,965.01 on an initial petition for attorney's fees, covering work performed from mid-1986 through March 1988. The present application involves work performed from March 1988 through May 1989, in connection with supervision of a re-run election. While the magistrate's report indicated a willingness to award fees for work which was of material assistance to the Secretary of Labor in producing an outcome of benefit to the union's membership[1] (i.e., as opposed to Tucker's personal benefit), the magistrate was concerned about protecting the Secretary's role as primary enforcer of fair election procedures, and noted that a union member's role is most significant during the period before the Secretary takes control of the litigation. The district court adopted the magistrate's report and awarded additional fees of $9,182.50.
 
 
 2
 Tucker complains that the district court improperly utilized low hourly fee rates, denied litigation expenses, and generally abused its discretion by failing to award higher fees.
 
 This court has held that:
 
 3
 The trial judge in determining the value of services rendered by lawyers who have tried a case before him ordinarily has an infinitely better opportunity to evaluate those services than does an appellate court. Therefore, appellate courts hold that the trial judge's determinations on legal fees should not be set aside unless there is a clear abuse of discretion.
 
 
 4
 Ramey v. Cincinnati Enquirer, 508 F.2d 1188, 1196 (6th Cir.1974), cert. denied, 422 U.S. 1048 (1975).
 
 
 5
 Tucker first contends that the court erred in following a law of the case theory in setting hourly rates for his attorneys. He requested hourly rates of $175 for partner time and $100 for associate time, while the lower court looked to the initial fee award in this case and determined that a rate of $135 per hour for partners and $65 per hour for associates was reasonable for the supplemental request.[2] In the original fee award, the district court utilized the "lodestar" formula articulated in Hensley v. Eckerhart, 461 U.S. 424 (1983), and this court affirmed in its unpublished opinion of Brock v. UAW, 907 F.2d 150 (6th Cir.1990) (Rule 24). But Tucker submits that, in light of the time that has passed, the district court's reliance upon this court's prior decision is misplaced.
 
 
 6
 In the course of arriving at its original fee award, the district court considered prevailing markets as well as the attorney's normal billing rates, and concluded that $135 per hour for partners and $65 per hour for associates was reasonable. Although hourly rate determinations are subject to change with the passage of time, since the additional work was performed during the year following the period for which the prior fees were set, we are unable to say that the district court abused its discretion in relying upon the rate established in the prior award.
 
 
 7
 Because the UAW concedes that litigation expenses should be awarded in accordance with this court's prior opinion, which held that Tucker was due litigation costs pursuant to Northcross v. Board of Educ. of the Memphis City Schools, 611 F.2d 624, 639 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980), that portion of the order must be remanded in order to allow the lower court to calculate reasonable litigation costs.
 
 
 8
 Tucker also argues that the district court erred in disallowing fees requested in connection with post-election protests, based upon the court's determination that he had not conferred any benefit upon the membership because he was not successful in those protests. However, it was the defeated incumbent, Ken Worley, not Tucker, who made the unsuccessful protests to the Secretary.
 
 
 9
 In view of this mistake, and since it is at least conceivable that Tucker's response to Worley's protests benefited the membership, that portion of the order is also reversed and remanded, to afford the district court the opportunity to revisit that determination.
 
 
 10
 In all other regards, the order of the district court is affirmed. The order of the district court is affirmed in part and reversed in part, and this cause is remanded to the district court for further proceedings pursuant to this opinion.
 
 
 
 [1]
 See Hall v. Cole, 412 U.S. 1, 8 (1971) (where the Supreme Court established the general principle that a plaintiff may be awarded attorney's fees if, in bringing his suit, he "necessarily rendered a substantial service to his union as an institution and to all of its members ... [by] dispel[ling] the 'chill' cast upon the rights of others.")
 
 
 [2]
 It should also be noted that plaintiff's attorneys originally signed a retainer agreement calling for an hourly fee of $135